UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| TRELLIS QUINN, | Case No. 2:25-cv-00582-RFB-EJY |
| Petitioner, | **ORDER** |
| v. | |
| JEREMY BEAN, et al., | |
| Respondents. | |

Trellis Quinn submitted a pro se 28 U.S.C. § 2254 habeas corpus petition and has now paid the filing fee. The Court has conducted a preliminary review of the petition under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts and directs that it be served on respondents.

A petition for federal habeas corpus should include all claims for relief of which petitioner is aware. If petitioner fails to include such a claim in his petition, he may be forever barred from seeking federal habeas relief upon that claim. *See* 28 U.S.C. §2244(b) (successive petitions). If petitioner is aware of any claim not included in his petition, he should notify the Court of that as soon as possible, perhaps by means of a motion to amend his petition to add the claim.

Quinn has also submitted a motion for appointment of counsel. There is no constitutional right to appointed counsel in a federal habeas corpus proceeding. Luna v. Kernan, 784 F.3d 640, 642 (9th Cir. 2015) (citing Lawrence v. Florida, 549 U.S. 327, 336–37 (2007)). An indigent petitioner may request appointed counsel to pursue habeas relief. 18 U.S.C. § 3006A(a)(2)(B). The decision to appoint counsel is generally discretionary. Id. § 3006A(a)(2) (authorizing appointment of counsel "when the interests of justice so require"). However, counsel is

1  appropriate if the complexities of the case are such that denial of counsel would amount to a
2  denial of due process, and where the petitioner is so uneducated that he is incapable of fairly
3  presenting his claims. LaMere v. Risley, 827 F.2d 622, 626 (9th Cir. 1987); Brown v. United
4  States, 623 F.2d 54, 61 (9th Cir. 1980). Here, Quinn sets forth his claims that his trial counsel was
5  ineffective and that the State presented insufficient evidence in a clear manner, and the legal
6  issues do not appear to be particularly complex. Therefore, the Court denies the motion.

7  **IT IS HEREBY ORDERED** that the Clerk of Court detach, file, and electronically
8  SERVE the petition (ECF No. 1-1) on respondents.

9  **IT IS FURTHER ORDERED** that the Clerk add Aaron D. Ford, Nevada Attorney
10 General, as counsel for respondents and provide respondents an electronic copy of all items
11 previously filed in this case by regenerating the Notice of Electronic Filing to the office of the
12 AG only.

13 **IT IS FURTHER ORDERED** that the Clerk detach and file petitioner's motion for
14 appointment of counsel (ECF No. 1-2).

15 **IT IS FURTHER ORDERED** that the motion for counsel is **DENIED**.

16 **IT IS FURTHER ORDERED** that respondents file a response to the petition, including
17 potentially by motion to dismiss, within **90 days** of service of the petition, with any requests for
18 relief by petitioner by motion otherwise being subject to the normal briefing schedule under the
19 local rules. Any response filed is to comply with the remaining provisions below, which are
20 entered pursuant to Habeas Rule 5.

21 **IT IS FURTHER ORDERED** that any procedural defenses raised by respondents in this
22 case be raised together in a single consolidated motion to dismiss. In other words, the court does
23 not wish to address any procedural defenses raised herein either in seriatum fashion in multiple
24 successive motions to dismiss or embedded in the answer. Procedural defenses omitted from
25 such motion to dismiss will be subject to potential waiver. Respondents should not file a
26 response in this case that consolidates their procedural defenses, if any, with their response on
27 the merits, except pursuant to 28 U.S.C. § 2254(b)(2) as to any unexhausted claims clearly
28 lacking merit. If respondents do seek dismissal of unexhausted claims under § 2254(b)(2): (a)

1  they will do so within the single motion to dismiss not in the answer; and (b) they will
2  specifically direct their argument to the standard for dismissal under § 2254(b)(2) set forth in
3  Cassett v. Stewart, 406 F.3d 614, 623-24 (9th Cir. 2005). In short, no procedural defenses,
4  including exhaustion, should be included with the merits in an answer. All procedural defenses,
5  including exhaustion, instead must be raised by motion to dismiss.

6  **IT IS FURTHER ORDERED** that, in any answer filed on the merits, respondents
7  specifically cite to and address the applicable state court written decision and state court record
8  materials, if any, regarding each claim within the response as to that claim.

9  **IT IS FURTHER ORDERED** that petitioner has **45 days** from service of the answer,
10  motion to dismiss, or other response to file a reply or opposition, with any other requests for
11  relief by respondents by motion otherwise being subject to the normal briefing schedule under
12  the local rules.

13  **IT IS FURTHER ORDERED** that any additional state court record exhibits filed herein
14  by either petitioner or respondents be filed with a separate index of exhibits identifying the
15  exhibits by number. The parties will identify filed CM/ECF attachments by the number or
16  numbers of the exhibits in the attachment.

17  **IT IS FURTHER ORDERED** that, at this time, the parties send courtesy copies of **any**
18  **responsive pleading or motion and all INDICES OF EXHIBITS ONLY** to the Reno Division
19  of this court.  Courtesy copies shall be mailed to the Clerk of Court, 400 S. Virginia St., Reno,
20  NV, 89501, and directed to the attention of "Staff Attorney" on the outside of the mailing
21  address label.  **No further courtesy copies are required unless and until requested by the**
22  **court**.

24     **DATED:** May  5 , 2025

26     **RICHARD F. BOULWARE, II**
27     **UNITED STATES DISTRICT JUDGE**