**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

* * *

| | |
|---|---|
| TRELLIS QUINN,<br>Petitioner,<br>v.<br>JEREMY BEAN,<br>Respondent. | Case No. 2:25-cv-00582-RFB-EJY<br>**ORDER** |

Petitioner Trellis Quinn has filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254. See ECF No. 6 ("Petition"). Before the Court is Respondents' motion to dismiss Quinn's Petition. See ECF No. 23. Quinn opposed the motion, and Respondents replied. See ECF Nos. 25, 28. For the reasons discussed below, the Court grants the motion, in part.

## I. PROCEDURAL HISTORY

A jury found Quinn guilty of burglary while in possession of a firearm, battery with the use of a deadly weapon resulting in substantial bodily harm, discharge of a firearm from or within a structure or vehicle, and possession of a firearm by an ex-felon. See ECF No. 17-26. Quinn was sentenced to an aggregate of 9 to 26 years in prison. Id.; see also ECF No. 18-48. Quinn appealed, and the Nevada Court of Appeals affirmed on March 14, 2018. See ECF No. 17-37. Remittitur issued on April 9, 2018. See ECF No. 17-38.

Quinn filed a state habeas petition on October 4, 2018. See ECF No. 17-44. The state court appointed counsel for Quinn, held an evidentiary hearing, and then denied Quinn's state petition. See ECF No. 19-11. Quinn appealed, and the Nevada Court of Appeals affirmed on November 7, 2024. See ECF No. 19-37. Remittitur issued on December 2, 2024. See ECF No. 19-38.

In his Petition, Quinn alleges the following: (1a) his trial counsel failed to object to the prosecution's third-amended information; (1b) his trial counsel solicited the testimony of Marcus Kearney and allowed Kearney to testify while intoxicated; (1c) his trial counsel allowed, elicited, and made direct references to his custodial status; (1d) his trial counsel failed to handle several identification issues, including failing to challenge the admissibility of the witnesses' identifications and failing to bring in an expert to testify about the lack of reliability of eyewitness identifications; (2) there was insufficient evidence to sustain his convictions; and (3) there were cumulative errors. See ECF No. 6.

## II. LEGAL STANDARD

Respondents move to dismiss the Petition, arguing (1) Grounds 1b and 3 are unexhausted, (2) Ground 2 is procedurally barred, and (3) Ground 3 is not cognizable. See ECF No. 23.

### A. Exhaustion

A petitioner challenging his state incarceration must exhaust state court remedies on habeas claims before presenting those claims to the federal courts. 28 U.S.C. § 2254(b)(1)(A). This exhaustion requirement ensures that the state courts, as a matter of comity, will have the first opportunity to address and correct alleged violations of federal constitutional guarantees. See Coleman v. Thompson, 501 U.S. 722, 730–31 (1991). "A petitioner has exhausted his federal claims when he has fully and fairly presented them to the state courts." Woods v. Sinclair, 764 F.3d 1109, 1129 (9th Cir. 2014). A claim has been fully and fairly presented when a petitioner presented the substantial equivalent of his federal claim to the state courts. See Picard v. Connor, 404 U.S. 270, 278 (1971). The state courts have been afforded a sufficient opportunity to hear an issue when a petitioner has presented the state court with the issue's factual and legal basis. See Weaver v. Thompson, 197 F.3d 359, 364 (9th Cir. 1999). A petitioner may reformulate his claims so long as the substance of his argument remains the same. See Picard, 404 U.S. at 277–78.

### B. Procedural default

Where the state court denies a petitioner's habeas claim on an independent and adequate

state law grounds, that claim is "procedurally defaulted" for purposes of federal habeas review. Edwards v. Carpenter, 529 U.S. 446, 454–55 (2000) (bar applies if petitioner fails to meet a "state procedural requirement"). As is relevant here, Nevada law bars post-conviction relief in a petition for writ of habeas corpus where the grounds for the petition could have been raised in a direct appeal. Nev. Rev. Stat. § 34.810(1)(b)(2).

When a prisoner "procedurally defaults" a federal claim, judicial review is barred unless he can show either: (1) "cause for the default and actual prejudice as a result of the alleged violation of federal law," or (2) "that failure to consider the claims will result in a fundamental miscarriage of justice." Coleman, 501 U.S. at 750; McQuiggin v. Perkins, 569 U.S. 383, 386 (2013) (the miscarriage of justice exception ensures "that federal constitutional errors do not result in the incarceration of innocent persons"). To demonstrate cause, a petitioner must show that some external and objective factor impeded his efforts to comply with the state's procedural rule. See Maples v. Thomas, 565 U.S. 266, 280–81 (2012). To show prejudice, a petitioner must show not merely that the error created a possibility of prejudice, but that the error worked to his actual and substantial disadvantage, infecting the entire proceeding with constitutional error. See Murray v. Carrier, 477 U.S. 478, 494 (1986).

**C. Cognizable claims**

The Anti-Terrorism and Effective Death Penalty Act "places limitations on a federal court's power to grant a state prisoner's federal habeas petition." Hurles v. Ryan, 752 F.3d 768, 777 (9th Cir. 2014). When conducting habeas review, a federal court is limited to deciding whether a conviction violates the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2254(a); See Estelle v. McGuire, 502 U.S. 62, 67–68 (1991). Unless an issue of federal constitutional or statutory law is implicated by the facts presented, the claim is not cognizable in federal habeas. See McGuire, 502 U.S. at 68.

## III. DISCUSSION

**A. Ground 1b**

In Ground 1b, Quinn alleges that his trial counsel should not have solicited the testimony

of Marcus Kearney and should have questioned Kearney about his testifying while intoxicated. See ECF No. 6. Respondents contend that Ground 1b is unexhausted because Quinn did not raise it in his state habeas petition or his state habeas supplements, but, rather, he added it to his post-evidentiary hearing memorandum. See ECF No. 23 at 6 (citing ECF No. 18-27). Given this late attempt to include this claim, Respondents explain that the Nevada Court of Appeals did not consider it. See id.

Regarding the solicitation of Kearney's testimony, in its order of affirmation of the denial of Quinn's state habeas petition, the Nevada Court of Appeals stated that "Quinn argue[d] that his substantial rights were violated because, had he been given more notice of the amended information, he would not have called a witness, Marcus Kearney, at trial." ECF No. 19-37 at 3–4 n.1. The Nevada Court of Appeals stated that "[i]t [was] not clear that this argument was raised below," but "even were [it] to consider this claim, it is belied by the record as the State called Kearney as a witness at trial." Id. Turning to the second part of ground 1b, in the Nevada Court of Appeals' order of affirmation of the denial of Quinn's state habeas petition, it stated that "Quinn claims counsel was ineffective for allowing Kearney to testify at trial while under the influence of marijuana." Id. at 8. The Nevada Court of Appeals further stated, "it appears Quinn attempted to raise this claim for the first time after the evidentiary hearing," and because "[i]t is within the discretion of the district court to allow claims to be added at or after an evidentiary hearing" and because "the district court did not exercise that discretion," it "decline[d] to consider this claim." Id. at 8–9.

Quinn argues that the basis of Ground 1b was not developed until the time of his evidentiary hearing, and he then brought the claim before the state court for its discretionary review in accordance with Barnhart v. State, 130 P.3d 650 (Nev. 2006). See ECF No. 25 at 2. Quinn then argues that the state appellate court could have decided the claim under Castille v. Peoples, 489 U.S. 346 (1989), so the claim has been fairly presented. See id.

Under Nevada law, a state "court is under no obligation to consider issues that are raised by a petitioner for the first time at an evidentiary hearing." Barnhart v. State, 130 P.3d 650, 652 (Nev. 2006). Here, Quinn raised Ground 1b in his "Supplemental Memorandum After Evidentiary

Hearing." ECF No. 18-27 at 6–7. The state court then reached the merits of Ground 1b in its merits order. See ECF No. 19-11 at 36–37. Indeed, half of the state court's order dealt with Quinn's supplemental claims, all of which were discussed on the merits. See id. at 22–38. Accordingly, contrary to the Nevada Court of Appeals' holding, the state court exercised its discretion to consider Quinn's supplemental claims, including Ground 1b, meaning those supplemental claims were not presented in a procedurally defective manner to the state court. See Castille v. Peoples, 489 U.S. 346 (1989) (explaining that a claim is fairly presented where the petitioner follows the state procedural law to raise his claim in an appropriate manner); cf. Roettgen v. Copeland, 33 F.3d 36, 38 (9th Cir. 1994) ("Submitting a new claim to the state's highest court in a procedural context in which its merits will not be considered absent special circumstances does not constitute fair presentation."). Therefore, because Quinn then presented Ground 1b in his appeal to the Nevada Appellate Court, see ECF No. 19-20 at 19–25, the Court finds that Quinn fairly presented Ground 1b to the state court and the state appellate court, making it exhausted.

**B. Ground 2**

In Ground 2, Quinn alleges that there was insufficient evidence to sustain his convictions. See ECF No. 6 at 36. Respondents contend that Quinn raised this ground for the first time in his state habeas petition, and the Nevada Court of Appeals determined that it was procedurally barred because Quinn was required to have raised it on direct appeal under Nevada Revised Statute § 34.810(b)(2). See ECF No. 23 at 7.

In the Nevada Court of Appeals' order of affirmation of the denial of Quinn's state habeas petition, it stated that "Quinn argue[d] the district court erred by denying his claim that there was insufficient evidence presented at trial." ECF No. 19-37 at 8. It then went on to find that "[t]he record supports the finding of the district court" that "this claim was procedurally barred because the claim could have been raised on direct appeal, and Quinn failed to demonstrate good cause and prejudice to overcome the procedural bar." Id.

Quinn argues that "the chapter 34 procedure bar is not adequately and consistently applied in Nevada." ECF No. 25 at 3. Quinn also appears to argue that he can overcome the procedural default because "this error is plain and constitutes a fundamental miscarriage of justice." Id.

The Court rejects Quinn's first argument given that the Ninth Circuit has found Nevada Revised Statute § 34.810(1)(b)(2) to be an independent and adequate state procedural rule as applied to non-capital cases. See Vang v. Nevada, 329 F.3d 1069, 1073–74 (9th Cir. 2003). And the Court also rejects Quinn's second argument—that the Court's failure to consider Ground 2 will result in a fundamental miscarriage of justice—because it is entirely unsubstantiated. Cf. McQuiggin v. Perkins, 569 U.S. 383, 386 (2013) ("[A]ctual innocence, *if proved*, serves as a gateway through which a petitioner may pass [where] the impediment is a procedural bar.") (emphasis added). Ground 2 is dismissed as procedurally barred.

**C. Ground 3**

As a reminder, in Ground 3, Quinn alleges that there were cumulative errors. See ECF No. 6 at 39. Respondents contend that Ground 3 is unexhausted and/or not cognizable. See ECF No. 23 at 6, 8. First, the Court finds that Ground 3 is cognizable, given that the Court follows the Ninth Circuit, which has concluded that "[t]he Supreme Court has clearly established that the combined effect of multiple . . . errors [can] violate[ ] due process." Parle v. Runnels, 505 F.3d 922, 927 (9th Cir. 2007). Second, in his appeal of the denial of his state habeas petition, "Quinn claimed that the cumulative errors of counsel entitled him to relief." ECF No. 19-37 at 8. Therefore, because (1) Quinn raised a cumulative error claim in his state habeas proceedings, and (2) the only claims remaining in the Petition—Grounds 1a, 1b, 1c, and 1d—were included within that cumulative error claim, Ground 3 is exhausted. The Court will consider the cumulative effect of any errors from Grounds 1a, 1b, 1c, and 1d in its merits review.

## IV. CONCLUSION

**IT IS HEREBY ORDERED** that that the Motion to Dismiss (ECF No. 23) is **GRANTED IN PART** as follows: Ground 2 is dismissed as procedurally defaulted.

///

///

///

///

**IT IS FURTHER ORDERED** that Respondents have 60 days from the date of this Order to file their Answer to the remaining claims in the Petition. Quinn will then have 30 days to file his reply.

**DATED:** September 29, 2026.

**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**